IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ROYSTER, | : | CIVIL ACTION NO. 3:17-cv-1149 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| WARDEN GLUNT, *et al.*, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff, Michael Royster ("Royster"), filed this *pro se* 42 U.S.C. § 1983 action alleging that Defendants no longer have the right to hold him in custody. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 4).

For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **Standards of Review**

Section 1915(e)(2)(B)(ii), which pertains to proceedings *in forma pauperis*, states, in pertinent part, "the court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

## II. Allegations of the Complaint

Royster alleges that the Pennsylvania Department of Corrections ("DOC") conspired with the Pennsylvania Board of Probation and Parole ("PBPP") to tamper with witnesses and conceal eyewitness's identity. (Doc. 1, p. 2). He contends that the DOC admitted acts of fraud and, as a result, the PBPP no longer has the right to hold him in custody. He sole request for relief is release from custody.

## III. Discussion

"Although both §1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: 'The underlying purpose of proceedings

under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful." *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv. L.Rev. 1551, 1553 (2001). Section 1983, in contrast, provides for liability on the part of any state actor who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.' 42 U.S.C. § 1983." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Id. at 542.

Here, Royster is not challenging the conditions of his confinement and, as such, a civil rights action is not the proper avenue of relief. He is clearly challenging the legality of his custody and solely seeks release from that custody. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also 28 U.S.C. § 2254(a) (providing that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Because Royster fails to state a civil rights claim upon with relief may be granted, his complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

The dismissal, however, will be without prejudice to Royster's right to file a habeas corpus petition upon exhaustion of available state court remedies.

## IV. Leave to Amend

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED.R.CIV.P. 15(a)(2). Affording plaintiff an opportunity to amend would clearly be futile given the nature of his action. Moreover, the dismissal of his complaint is without prejudice to file a habeas petition at the appropriate juncture.

## V. Conclusion

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will enter.

                                      **BY THE COURT:**

                                      **s/James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

Dated:       November 30, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ROYSTER, | : | CIVIL ACTION NO. 3:17-cv-1149 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| WARDEN GLUNT, *et al.*, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 30th day of November 2017, upon consideration of Plaintiff's complaint (Doc. 1), and in accordance with the Court's memorandum of the same date, it is hereby **ORDERED** that:

1. The motion to proceed *in forma pauperis* (Doc. 7) is construed as a motion to proceed without full prepayment of fees and costs and is GRANTED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. Plaintiff's motion (Doc. 7) for default judgment is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**